NOT DESIGNATED FOR PUBLICATION

No. 129,416

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD DUANE AMACK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Y. Theresa SparrowSmith*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

CLINE, J.: This is a sentencing appeal in which Chad Duane Amack challenges the district court's denial of his request for a dispositional departure, claiming the district court abused its discretion. We see no error. The district court considered the mitigating factors Amack offered and decided to grant him a downward durational departure rather than a dispositional departure. We do not find the district court's decision was unreasonable and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

After law enforcement observed Amack smoking methamphetamine from a pipe in a car outside a casino, the State charged Amack with possession of methamphetamine and possession of drug paraphernalia. As a part of a plea agreement, Amack pled no contest to possession of methamphetamine and the other charge was dismissed. Before sentencing, Amack moved for a dispositional or durational departure, requesting a downward dispositional departure to probation or a downward durational departure.

In his departure motion, Amack argued the following as mitigating factors that justified departing: (1) one of his previous person felonies would not disqualify him from Senate Bill 123, (2) he was employed, (3) he acknowledged responsibility by entering a plea of no contest, (4) he had never had the opportunity to participate in treatment as the Legislature intended, (5) he had undergone drug treatment and was now in a sober living facility, and (6) he had a support system to help him with sobriety.

At his sentencing hearing, the State opposed departure and asked the district court to impose the presumptive prison sentence. But the State noted that "if the Court is inclined to grant[] a departure of some sort, if it is a dispositional departure to probation, we would ask for the aggravated number, underlying." Amack, however, reiterated most of his arguments above in support of his request for a dispositional departure but argued that, in the alternative, the district court should grant a durational departure.

After the State shared that Amack was no longer a part of a sober living facility because he allegedly stopped showing up, the district court asked Amack if he had a current drug problem. Amack responded, "I do not, not anymore. I was an addict. Yes, I am an addict, but I am in recovery."

In the end, the district court found:

"[Y]our recovery has been lengthy all these years. The Court concedes that the reason you are a B-box goes back over a decade. But there is as the State indicated, a continuing history of violations of the law, particularly a lengthy history of you having sticky fingers in your interactions with law enforcement.

"You have—but the other side, I guess you've been a B-box for a while. When you get to that level, that should scare the pee out of you, because it means if you do anything—and that's the whole point of it is when you commit a crime, you get a 'B' criminal history. If you never commit another crime, it doesn't matter. But it's there to say if you do, you will face more extreme circumstances.

"Okay. With regard to dispositional departure in this matter, it's denied.

"The Court will, based on the facts, primarily the age of the person felonies, grant a durational departure."

Instead of the 34-month presumptive sentence, the district court sentenced Amack to 20 months in prison. Amack appealed this sentence.

REVIEW OF AMACK'S APPELLATE CHALLENGE

Amack contends the district court abused its discretion when it denied his request for dispositional departure. He claims that no reasonable person would have taken the view that he was unamenable to probation, given the successes he had during his case.

*Standard of Review and Relevant Legal Framework*

K.S.A. 21-6815(a) requires that a sentencing court impose the presumptive sentence unless the court finds "substantial and compelling" reasons to impose a departure sentence. A compelling reason is one that "forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008).

3

All departure sentences are subject to appeal under K.S.A. 21-6820(a) unless appellate jurisdiction is divested by a more specific provision. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (discussing K.S.A. 21-6820's predecessor statute). This includes jurisdiction to review the partial denial of a departure motion, or, in other words, a complaint that the district court "'did not depart enough.'" 299 Kan. at 908.

A district court's decision to deny a departure request will be reversed only if an appellate court determines that the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigating factors and/or aggravating factors constituted an abuse of discretion. *State v. Ibarra*, 307 Kan. 431, Syl. ¶ 2, 411 P.3d 318 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021); see *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015).

*The district court did not abuse its discretion by denying Amack's request for dispositional departure.*

Amack does not assert that the district court's decision to deny his request for a dispositional departure was unsupported by substantial competent evidence or based on an error of law or fact; instead, he argues that the district court's decision was unreasonable. He claims that despite all his good faith efforts—getting sober, going to treatment, having his own place, maintaining employment, and surrounding himself with people in a community of sobriety—to prove he could be successful on probation, the district court denied his dispositional departure request. He submits that the district court should have allowed him to continue to rebuild his life and maintain positive momentum through probation.

But, as the State points out, the district court's conclusion that there were substantial and compelling reasons to grant a durational departure did not compel it to impose the most generous departure available: dispositional departure. Put differently, the mere fact that the circumstances could have supported a more generous departure does not render the district court's decision unreasonable. The Kansas Supreme Court has found "that the presence of mitigating factors does not require a sentencing judge to impose a lesser sentence." *State v. Fowler*, 315 Kan. 335, 339, 508 P.3d 347 (2022). The district court considered Amack's arguments for departure, including acknowledging responsibility, sustaining sobriety, employment, and maintaining a support system. Yet the district court found these factors justified a durational departure but did not find them sufficient to warrant probation.

Additionally, the State persuasively highlights how Amack's criminal history score was B, placing him in a presumptive prison box under the Kansas Sentencing Guidelines Act. And before the durational departure, Amack was facing a higher sentence than the 20 months in prison that he received. And, at sentencing, the State highlighted Amack's lengthy criminal history, including a history of drug convictions where he had previous treatment opportunities through probation. This, the State emphasizes, reflected that Amack was not amenable to probation, which further supports the reasonableness of the district court's decision.

Here, under the circumstances, a reasonable person could agree with the district court's decision finding mitigating factors existed to durationally but not dispositionally depart. We find no abuse of discretion.

Affirmed.